IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID EARL LUTZ,
    Petitioner,

vs.                                         Case No.: 3:11cv334/LAC/EMT

JOHN PALMER, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 14). Petitioner filed a response in opposition to the motion (doc. 20). Petitioner also filed a motion for summary judgment (doc. 21).

      This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition was timely filed; therefore, the motion to dismiss should be denied. Additionally, Petitioner's motion for summary judgment should be denied.

I.     BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is established by the state court record (doc. 14, Exhibits).[1] Following a jury trial in the Circuit Court in and for Santa Rosa County, Florida, Case No. 2002-CF-1249, Petitioner was found guilty of three counts of lewd and lascivious molestation

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (doc. 14). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

of a victim less than twelve (12) years of age (Ex. A at 85–86, Exs. F, G, H). The trial court dismissed one of the counts upon agreement of the parties (Ex. A at 100, Ex. B at 243). On May 3, 2004, Petitioner was adjudicated guilty and sentenced to twenty-five years of imprisonment on Count 1, with pre-sentence credit of 497 days, and a consecutive term of thirty (30) years of probation on Count 2 (Ex. A at 105–10, Ex. B at 242–75). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D04-2062. On August 12, 2005, the First DCA affirmed the judgment per curiam without written opinion (Ex. L). Lutz v. State, 908 So. 2d 1061 (Fla. 1st DCA 2005) (Table). Petitioner sought certiorari review by the Florida Supreme Court and the United States Supreme Court (Exs. M-1, M-2, N-1). On March 27, 2006, the United States Supreme Court denied the petition for certiorari (Ex. N-2).

On February 28, 2007, Petitioner filed a habeas petition in the First DCA alleging ineffective assistance of appellate counsel, Case No. 1D07-1111 (Ex. O-1). The First DCA denied the petition on the merits on March 29, 2007 (Ex. O-2). Lutz v. State, 956 So. 2d 492 (Fla. 1st DCA 2007). Petitioner's motion for rehearing was denied May 30, 2007 (Ex. O-2).

On June 18, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Civil Procedure (Ex. P at 1–20). On October 27, 2010, the state circuit court summarily denied the motion (*id.* at 118–33). Petitioner appealed the decision to the First DCA, Case No. 1D10-6584 (Ex. Q). The First DCA affirmed the decision per curiam without written opinion on May 10, 2011, with the mandate issuing July 19, 2011 (Exs. S, V). Lutz v. State, 64 So. 3d 1265 (Fla. 1st DCA 2011) (Table).

Petitioner filed his federal habeas petition on July 6, 2011 (doc. 1).

II.     RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (doc. 14).  Petitioner does not contend that a different statutory trigger applies (*see* doc. 20).

Respondent argues Petitioner was not entitled to seek review by the Florida Supreme Court; therefore, the 90-day period for seeking certiorari in the United State Supreme Court began on August 12, 2005, the date of the First DCA's opinion affirming the judgment, and it expired on November 10, 2005 (doc. 14 at 3).  Petitioner argues the 90-day period for seeking certiorari review in the United States Supreme Court did not begin until October 12, 2005, the date the Florida Supreme Court dismissed his petition for review, *see* Lutz v. State, 914 So. 2d 953 (Fla. 2005) (Table), and it did not expire until January 10, 2006, ninety (90) days thereafter (doc. 20 at 1–8)

The undersigned rejects the arguments of both parties.  With respect to post-conviction relief for federal prisoners, the Supreme Court has held that the conclusion of direct review occurs when "this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari."  Clay v. United States, 537 U.S. 522, 528–32, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) (interpreting § 2255, ¶ 6(1)).  In construing the similar language of § 2244(d)(1)(A), the Supreme Court declined to depart from this settled understanding, which comports with the most natural reading of the statutory text.  *See* Jimenez v. Quarterman, 555 U.S. 113, 119–20, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009) (citations omitted).  The Supreme Court held " direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to this Court has been exhausted."  *Id.*  (internal quotations and citations omitted).  "Until that time, the

process of direct review has not come to an end and a presumption of finality and legality cannot yet have attached to the conviction and sentence." *Id.* (internal quotation and citation omitted).

When, as here, a petitioner seeks certiorari review of the judgment of conviction and sentence by the United States Supreme Court, the process of direct review comes to an end on the date the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari. *See* Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). In the instant case, the United States Supreme Court denied certiorari on March 27, 2006.[2] Therefore, the undersigned concludes Petitioner's conviction became final, for purposes of § 2244(d)(1)(A) on that date.

The federal statute of limitations began to run on March 28, 2006, the day after the Supreme Court denied certiorari.[3] *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until March 28, 2007, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

---

[2] The clerk of the United States Supreme Court filed Petitioner's petition for certiorari but advised Petitioner that he did so "with a notation as to its untimeliness" (*see* doc. 20, Ex. A). Petitioner responded to the clerk that the petition was timely under Rule 13 of the United States Supreme Court Rules and Rule 6 of the Federal Rules of Civil Procedure (doc. 14, Ex. N-1). Rule 13 provides, "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13. Rules 13 further provides, "The Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time." *Id.* In this case, the clerk filed Petitioner's petition, and Petitioner demonstrated in his response that it was timely, pursuant to his correct application of Rule 6, Rule 13, and the "mailbox rule." Further, there is no indication the United States Supreme Court deemed the petition untimely; it simply denied certiorari (Ex. N-2). Therefore, the record does not demonstrate that the time for filing a certiorari petition expired prior to Petitioner's filing it.

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation.

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The parties agree that Petitioner's state habeas petition tolled the limitations period (doc. 14 at 3–4; doc. 20 at 4). That petition was filed on February 28, 2007, after 337 days of the federal limitations period expired. The parties agree that the petition remained pending until May 30, 2007, when the First DCA denied Petitioner's motion for rehearing (doc. 14 at 4; doc. 20 at 4). The parties also agree that the federal limitations period resumed on May 31, 2007 and ran until June 18, 2007, when Petitioner filed his Rule 3.850 motion (doc. 14 at 4; doc. 20 at 4). As of that date, another 18 days of the limitations period had expired. The Rule 3.850 motion was pending when Petitioner filed his § 2254 petition on July 6, 2011. Because only 355 days of the federal limitations period had expired when Petitioner filed his federal petition (337 + 18 = 355), it was timely. Therefore, Respondent's motion to dismiss should be denied.

III.    PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner seeks summary judgment in this action, pursuant to Rule 56 of the Federal Rules of Civil Procedure (doc. 21). He contends there are no genuine issues of material fact as to Ground Two of his petition, wherein he claims the trial court erred in admitting similar fact evidence in violation of his due process rights, and the facts demonstrate a due process violation (*see* doc. 1 at 10–11; doc. 21). Therefore, he is entitled to issuance of the writ (*id.*). Petitioner does not waive the other seven claims raised in his § 2254 petition (*see* doc. 21 at 13).

This court must resolve <u>all</u> claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied. *See* <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992) (emphasis added). Therefore, the court may not grant issuance of the writ based upon Petitioner's argument that he is entitled to relief on only one of his grounds for relief. Further, Respondent must have an opportunity to address Petitioner's allegations and assert any procedural defenses to his claims. *See* Rules Governing § 2254 Cases, Rule 5. Respondent will be afforded this opportunity if the district court adopts this Report and Recommendation. Therefore, Petitioner's motion for summary judgment should be denied.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 14) be **DENIED**.

2. That Petitioner's motion for summary judgment (doc. 21) be **DENIED**.

3. That if the district court adopts this Report and Recommendation, Respondent be directed to file an answer to the habeas petition within **SIXTY (60) DAYS** from the date of docketing of the district court's order.

At Pensacola, Florida, this 9th day of March 2012.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**